RUFUS McFARLAND v. THE STATE.

No. 18024.   Delivered April 21, 1937.

The opinion states the case.

*Thos. C. Ferguson,* of Burnet, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

We find three bills of exception in the record. The second bill sets out the testimony of two deputy sheriffs of Burnet County as to acts and words of appellant and his brothers at the time of the alleged assault, and then proceeds to set forth that after these witnesses had so testified, the State introduced one Reed who said that he lived at Bertram in Burnet County at the time of this trouble, and that on the day thereof a Mr. Hutto asked witness to go with him out to McFarland's place, and that he did go. He then testified to what appellant and his brothers did and said, and to what he saw while out at said place, and also that he told the parties they had better stop beating that negro, and for them to consider themselves under arrest. Thereupon appellant sets up in his bill of exceptions that he objected to the further testimony of said witness, and moved the court to strike out the tstimony of the other two witnesses referred to, given before Reed took the witness stand. The court qualified this bill to the effect that the testimony referred to was of matters *res gestae* of the offense charged, and that there was in fact no arrest then made. The bill appears to us to be without merit. The record shows that three deupty sheriffs of Burnet County were used as witnesses in this case, and no one of them testified that the witness Reed was any

sort of an officer, either de facto or de jure. Mr. Reed said that Mr. Hutto of Bertram asked him to go out with him and he went, and later in his testimony he said that Mr. Hutto deputized him before they left Bertram. Mr. Hutto testified that he was deputy sheriff of Burnet County, and lived at Bertram, and that Mr. Reed went with him out to the McFarland place on said occasion. We agree with the learned trial judge that the matters in evidence were *res gestae* of the offense, and that the testimony was admissible.

Bill of exceptions No. 1 complains of the refusal of appellant's second application for continuance because of the absence of Dr. White. This witness had been subpoenaed by the State, and was present at a prior term of the court when the case was continued by the appellant for the absence of other witnesses. The bill sets out the testimony expected from Dr. White, and same appears to be material, and such as could not be obtained from any other source than the physician, he being the one who treated the injured party at Austin directly after the alleged assault. After the former continuance, and without the knowledge of either the State's attorney, or the appellant or his attorney, said doctor had moved to New York and was there at the time of this trial. It appears from the record that his testimony was material to the defense, and that there was no failure in diligence in taking the deposition of the doctor, because his absence from the State was unknown. We are inclined to the view that the application for continuance should have been granted.

For the refusal of such application for continuance, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*